UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROEUR VAN,

                Petitioner,                Hon. Robert Holmes Bell

v.                                        Case No. 1:13-cv-01299-RHB-PJG

REBECCA ADDUCCI,

                Respondent.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

       Petitioner Roeur Van is seeking a Writ of Habeas Corpus against the Director of the Detroit Field Office of U.S. Immigration and Customs Enforcement (ICE) under 28 U.S.C. § 2241.  He seeks his release from ICE custody pending his removal to Cambodia.

       This matter is before the Court on Respondent's Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 6), arguing that the petition was rendered moot by Petitioner's removal to Cambodia on January 7, 2014.[1]  For the following reasons, I recommend that Respondent's motion be granted and that the Petition for a Writ of Habeas Corpus be dismissed.

_____

[1] The Court's Order to Show Cause (Dkt. 2) and its Notice Regarding Reassignment (Dkt. 3) were returned as undeliverable due to Petitioner's failure to provide an updated address (Dkt. 4 & 5).  This provides additional bases for dismissing the Petition, that being for want of prosecution and failure to comply with the rules and orders of this Court.  *See* Fed. R. Civ. P. 41(b); W.D. Mich. LCivR 41.1.  Given these circumstances, I am exercising my discretion to issue this Report and Recommendation without waiting the 28 days for the Petitioner's response.  *See* W.D.Mich. LCivR 7.1(c).

## **Applicable Standards**

In the face of a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1), Petitioner bears the burden of establishing that such jurisdiction exists. *See, e.g., Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Given that Respondent is making a factual attack on jurisdiction, the allegations in the Petition are not entitled to a presumption of truthfulness; moreover, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Where the Court considers evidence for the limited purpose of determining whether it has jurisdiction to hear a case, the preclusive effect is limited to that issue. *Id.* (citing *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977)).

Article III's case or controversy requirement must be satisfied throughout all stages of litigation. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Medical Planning Services, Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

## **Discussion**

Petitioner Roeur Van is a native and citizen of Cambodia.  On April 23, 1983, he entered the United States as a refugee at San Francisco, California.  (Dkt. 7-3, Exh. C; Page ID# 29.)  While in the United States, he incurred at least two felony convictions: (1) an August 28, 1995, conviction for Attempted Criminal Sexual Contact, Third Degree, in the 20th Circuit Court, Ottawa County, Michigan; and (2) an April 21, 1997, conviction for Assault with Intent to Murder in the 20th Circuit Court, Ottawa County, Michigan.  (Dkt. 7-1, Exh. A; Page ID# 23-24.)  On March 31, 2010, following removal proceedings, Petitioner was ordered removed from the United States and returned to Cambodia.  (Dkt. 7-2, Exh. B; Page ID# 26-27.)  A warrant of removal was issued on January 17, 2013.  (Dkt. 7-3, Exh. C; Page ID# 29-30.)

Petitioner filed this action on December 2, 2013.  (Dkt. 1; Page ID# 1.)  He complained that he was being detained by ICE since his release from state prison on September 5, 2012.  (Id.; Page ID# 2.)  The only relief he requested was to be released from ICE custody, "either on an order of supervision or to effectuate [his] removal from the U.S." (Id.; Page ID# 8.)  He did not challenge the order of removal.

Petitioner was removed from the United States on January 7, 2014, when he was placed on a flight to Tokyo, Japan, with a connecting flights to Phnom Penh, Cambodia.  (Dkt. 7-3; Page ID# 31-32.)  He is no longer in custody.

Petitioner's release from ICE detention and his removal from the United States has rendered his Petition moot.  *See* 28 U.S.C. § 2241(c); *see also Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990) ("In order for the District Court to have jurisdiction

over petitioners' habeas claims, petitioners must be in the custody of [ICE]."); *cf.,*
*Rosales-Garcia v. Holland*, 322 F.3d 386, 394-97 (6th Cir. 2003) (*en banc*) (Cuban
habeas petitioner who was released from immigration detention and paroled into the
United States was still "in custody" for the purposes of 28 U.S.C. § 2241, and
accordingly, his petition was not moot*).*  Consequently, this case no longer presents an
actual case or controversy, divesting the Court of subject matter jurisdiction.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that Respondent's motion
(Dkt. 6) be granted and that the Petitioner's Petition for Writ of Habeas Corpus be
dismissed as moot.

Date:  September 4, 2014                              /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk
of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(c).
Failure to file objections within the specified time waives the right to appeal the
District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v.*
*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).